**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Allan Martin BENNETT, Defendant–Appellant.**

**No. 06–31090 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 29, 2007.

Todd S. Clemons, U.S. Attorney's Office Western District of Louisiana, Lafayette, LA, for Plaintiff–Appellee.

Charles C. St. Dizier, Lake Charles, LA, for Defendant–Appellant.

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM: *

Allan Martin Bennett appeals the 132–month sentence he received following his guilty-plea conviction for conspiracy to possess and distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. He challenges the presumption of reasonableness that attaches to a sentence imposed within a properly calculated guidelines range, relying on the Supreme Court's grant of certiorari in *Rita v. United States,* —— U.S. ——, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006). Because an intervening Supreme Court case explicitly or implicitly overruling prior precedent is required to alter this court's precedent, the grant of certiorari in *Rita* has no impact on this court's precedent. *See United States v. Short,* 181 F.3d 620, 624 (5th Cir.1999). And now the Supreme Court has decided *Rita,* 127 S.Ct. 2456 (2007), upholding the rule of this court.

Bennett's sentence was within a properly calculated advisory guideline range and is entitled to great deference. *See United States v. Mares,* 402 F.3d 511, 520 (5th Cir.2005). But aside from that deference, because of this record and because the sentencing court considered all the factors for a fair sentence under 18 U.S.C. § 3553(a), we conclude that Bennett has failed to demonstrate that his sentence was unreasonable. *See id.* at 519–20. The

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment of the district court is AF-FIRMED.